IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 5:21CR85 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| JUAN GROGAN, | ) UNITED STATES' RESPONSE IN |
| | ) OPPOSITION TO DEFENDANT JUAN |
| Defendant. | ) GROGAN'S MOTION TO SUPPRESS |
| | ) |

Now comes the United States of America, by its counsel, Carol M. Skutnik, Acting United States Attorney, and Peter E. Daly and Michelle M. Baeppler, Assistant United States Attorneys, and submits its response in opposition to Defendants' Omnibus Motion to Suppress (ECF # 126: Motion to Suppress, PageID 1042-67). For the following reasons, this Court should deny Defendant's motion.

I.       FACTUAL AND PROCEDURAL BACKGROUND

On the night of November 30, 2020, four men kidnapped and carjacked victim M.S. in Canton, Ohio. During the course of those crimes, M.S. was shot in the left ear. The perpetrators drove M.S. around Canton at gunpoint, repeatedly threatening to kill him and demanding money that they believed M.S. had stolen the previous day. After obtaining only the small amount of money he had on his person, the kidnappers took M.S.'s cell phone and vehicle and left him on the street. M.S. later identified the four men who committed these offenses, including Defendant.

On December 3, 2020, after an investigation led by Canton Police Detective Joseph Mongold, warrants were issued in the Canton Municipal Court for Defendant and the two other

adult suspects for Ohio state law offenses of felonious assault, aggravated robbery, having weapons under disability, and kidnapping.[1]

Four days later, on December 7, 2020, members of the United States Marshals Northern Ohio Violent Fugitive Task Force (NOVFTF) and the Canton FBI Safe Streets Task Force (SSTF) attempted to arrest Defendant at a residence in Canton, Ohio.  Deputy U.S. Marshal Kyle Evans set up surveillance in the area and observed Defendant driving his Dodge Journey, which he parked in front of a residence on Roslyn Avenue.  While investigators made contact with the residents of that house, Defendant fled out the window of the house next door, his girlfriend's residence, and eluded officers.  Defendant's girlfriend consented to a search of her residence.  Investigators also seized Defendant's Dodge Journey, previously identified as the vehicle used in the kidnapping on November 30.  An inventory of the vehicle revealed a loaded Glock pistol, with an extended magazine and a bag containing approximately 75 grams of a mixture of heroin and fentanyl.

On January 21, 2021, a Stark County, Ohio, grand jury returned a no-bill on the charges against Defendant arising from the November 30, 2020, kidnapping of M.S.[2]

On the same date, the United States filed a federal criminal complaint against Defendant for possession with intent to distribute fentanyl, felon in possession of a firearm, and possessing a firearm in furtherance of a drug trafficking crime, all arising from the seizure of the firearm and drugs from Defendant's vehicle on December 7, 2020, while unsuccessfully attempting to effect

---

[1] Because the fourth suspect was a juvenile, warrants for him were issued in the Stark County Family Court for felonious assault, aggravated robbery, and kidnapping.

[2] The no-bill in the Stark County grand jury was the result of a request by state prosecutors to administratively no-bill the case because they did not intend to pursue it at that time, given the anticipated federal prosecution of the offense conduct for the kidnapping and assault of M.S.  Because of the coordination with federal authorities and the anticipated federal prosecution, no evidence was presented to the Stark County grand jury at that time.

his arrest on the state warrant. (ECF # 1: Complaint, PageID 1). Defendant was later arrested on December 10, 2020, and was ultimately transferred from state custody to federal custody for proceedings on the federal charges, for which he appeared before United States Magistrate Judge Kathleen B. Burke on January 28, 2021. (ECF # N/A: Minutes of Proceedings 01/28/2021).

On February 18, 2021, a federal grand jury for the United States District Court in the Northern District of Ohio returned a three-count indictment charging Defendant with possession with intent to distribute fentanyl, felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime, all occurring on or about December 7, 2020. (ECF # 12: Indictment, PageID 27-29). Defendant was convicted at trial on those charges and this Court sentenced him to a term of 185 months in prison. (ECF # 67: Minutes of Proceedings, 04/01/2022; ECF # 78: Judgment, PageID 306-12). On March 27, 2025, the United States Court of Appeals for the Sixth Circuit reversed Defendant's convictions for possession with intent to distribute fentanyl and possession of a firearm in furtherance of a drug trafficking crime, finding that the government improperly introduced admissions made by Defendant under a proffer agreement. (ECF # 111: Sixth Circuit Opinion, PageID 918-34). The Sixth Circuit remanded the case to this Court for further proceedings. (*Id.*).

On August 9, 2023, a federal grand jury for the United States District Court in the Northern District of Ohio returned at indictment charging Defendant with violations of federal law, namely, kidnapping, carjacking, and two counts of possession of a firearm in furtherance of a crime of violence, all arising from the November 30, 2020, kidnapping. (5:23CR428, ECF # 1: Indictment, PageID 1-3).

On March 24, 2025, one week prior to trial in that case, the United States moved for, and the Court granted, dismissal of the indictment without prejudice, as previously-cooperative

witnesses in that case suddenly refused to testify or make themselves available shortly before trial. (5:23CR428, ECF # 59: Motion to Dismiss, PageID 556; 5:23CR428 ECF # 60: Order, PageID 558).

At a hearing in the above-captioned case on June 2, 2025, Defendant requested to proceed *pro se* and, after a colloquy with this Court, was permitted to do so. (ECF # 121: Minutes of Proceedings, 06/02/2025). On July 8, 2025, proceeding *pro se*, Defendant filed the instant Omnibus Motion to Suppress. (ECF # 126: Motion to Suppress, PageID 1042-67). Because this Court, in denying Defendant's first motion to suppress, has already ruled on the issues Defendant attempts to raise in the instant motion, the Court should deny the motion.

## II.   LAW AND ARGUMENT

Defendant seeks suppression of two categories of evidence. First, he asks this Court to suppress the key fob to his Dodge Journey SUV that was found during a consent search of his girlfriend's home on December 7, 2020, and "all evidence derived from the key fob." (ECF # 126: Motion to Suppress, PageID 1042). Second, Defendant seeks to prevent the United States from using against him any statements he made during a January 28, 2021, interview with FBI investigators. (*Id*., PageID 1043).

### A.   This Court has already denied Defendant's attempt to suppress the key fob and the search of his Dodge Journey.

On November 24, 2021, Defendant, through counsel, filed a motion to suppress in which he sought suppression of "[a]ll evidence and statements obtained directly or indirectly from the warrantless search of the residence on Roslyn Avenue, Southwest, in Canton and/or defendant's 2018 Dodge Journey vehicle[.]" (ECF # 41: Motion to Suppress, PageID 95). In that motion, Defendant made the same argument as in the motion to suppress now before the Court – namely,

4

that investigators improperly obtained his Dodge Journey key fob from his girlfriend's residence without a warrant and without Defendant's consent. (See *Id.*, PageID 95, 98-101; ECF # 126: Motion to Suppress, PageID 1042, 1047-54).

On March 30, 2022, the Court held a hearing on Defendant's first motion to suppress, at which FBI Task Force Officer Michael Volpe and Defendant testified. (ECF # 63: Minutes of Proceedings, 3/30/2022; PageID 221). After hearing testimony and argument, the Court denied the motion to suppress. (*Id.*). In doing so, the Court stated:

> [A]s I see it, the issue before me is whether the search of the vehicle on December the 7th was legal. And there are, as I see it, five valid legitimate arrest warrants that were issued correctly against you on that day, and the officers went with a legitimate belief that you were at that location, which of course that proved to be true because you were at that location and they went to effect an arrest warrant and you escaped, they didn't catch you that day, but they still had a right to go to the place where they thought you were.
> They ran into Miss Pope, she apparently invited them in, signed a consent to search. Their suspicions were confirmed because they found property that belonged to you in the home, and that was coupled by Miss Pope's statements to them that, yes, in fact you did live there on occasion and this was your property, and actually gave the officers the key fob to the Dodge.
> And that then allowed the officers to make a decision whether they wanted to tow the vehicle or – and they did make a decision to do that, and under the Canton laws, whenever there is a valid arrest warrant like this, they search incident to a lawful arrest, the automobile exception certainly applies, so it is – the fact that there is an inventory before any vehicle is to be towed in Canton, there's a policy and a process by which the officers have to go through to inventory the vehicle before it's towed. They did that.
> I don't see anything wrong with what the officers did. I mean, both on the basis of an inventory search of the vehicle, which was proper, and certainly under the automobile exception to search. They both are valid. I don't see any basis to indicate that there was anything wrong with the arrest warrants. They got the information as Detective Volpe testified to, they had information about the various crimes, about the vehicles, and things like that. And I guess it was fortuitous in one respect that they went to execute the arrest warrant and saw the vehicle. And then Miss Pope confirmed that, that it was yours, and that she had actually a key fob, and you didn't take it when you jumped out the window.
> So, for all those reasons, that motion is denied.

(ECF # 92: Trans. of Supp. Hrg., PageID 438-40).

Thus, as the Court has already determined, investigators were present at the Roslyn Avenue residence on December 7, 2020, to execute valid warrants for Defendant's arrest. Though Defendant fled from the residence and avoided arrest, investigators obtained valid consent from Defendant's girlfriend to search her home. Parked in the street in front of the residence, investigators observed Defendant's Dodge Journey, which they knew to be the suspect vehicle in the November 30, 2020, kidnapping, felonious assault, and aggravated robbery which was under investigation. Testimony at the hearing also showed that the Dodge Journey was known to be involved in a shooting observed by FBI Special Agent Matt Komar on December 1, 2020. (*Id.*, PageID 395-98). The vehicle was then properly impounded as evidence in a criminal investigation and an inventory was completed prior to it being towed, in compliance with Canton Police policy. During that inventory, investigators discovered, among other items, approximately 75 grams of a mixture of heroin and fentanyl and a Glock pistol loaded with an extended magazine, evidence which led to the indictment in the instant case.

Defendant now sets forth the same arguments this Court previously rejected, but seeks a different result. Because Defendant has already litigated this suppression issue, and because he offers nothing new for the Court to consider, the Court should deny the instant motion without a hearing.

### B. The United States does not intend to introduce at trial any statements made by Defendant in an interview with investigators on January 28, 2021.

Defendant also asks the Court to suppress any statements he made during an interview with FBI investigators on January 28, 2021,[3] which he alleges was conducted in violation of his Sixth Amendment right to counsel and his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

---

[3] The January 28, 2021, interview was not part of the proffer agreement between Defendant and the United States which was the subject of Defendant's direct appeal.

6

While Defendant's arguments in support of this claim are without merit, the Court need not rule on this part of Defendant's motion to suppress because the United States does not intend to offer at trial any statements or other evidence obtained during the January 28, 2021, interview of Defendant. The government's election not to offer such evidence is based purely upon the low probative value of the evidence and matters of trial presentation and strategy. It does not in any way bolster Defendant's incorrect assertion that the evidence was improperly obtained.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Omnibus Motion to Suppress without a hearing.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By:  /s/ Peter E. Daly
Peter E. Daly (OH: 0084745)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0529
(330) 375-5492 (facsimile)
Peter.Daly@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July 2025, a copy of the foregoing Response in Opposition to Defendant's Omnibus Motion to Suppress was filed electronically. Notice of this filing will be sent to all parties registered to receive such notices by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Additionally, I hereby certify that on this 17th day of July 2025, a copy of the foregoing Response in Opposition to Defendant's Omnibus Motion to Suppress was mailed to Defendant Juan R. Grogan, *pro se*, at:

> Northeast Ohio Correctional Center
> 2240 Hubbard Road
> Youngstown, OH 44505

/s/ Peter E. Daly
Peter E. Daly
Assistant U. S. Attorney